UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY TYRONE BROWN,

        Petitioner,

                                                      CASE NO. 2:21-CV-11330
v.                                            HON. ARTHUR J. TARNOW

MELINDA BRAMAN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE HABEAS PETITION, DENYING THE ABEYANCE MOTION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Anthony Tyrone Brown ("Petitioner") was convicted of two counts of first-degree criminal sexual conduct and one count of third-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court and was sentenced, as a second habitual offender, to concurrent terms of 18 to 40 years imprisonment on the first-degree convictions and 12½ to 22½ years imprisonment on the third-degree convictions in 2017. In his pleadings, Petitioner raises claims concerning the denial of substitute counsel and the trial judge's refusal to disqualify himself. Petitioner has

also filed a motion to hold the case in abeyance pending the conclusion of collateral review in the state courts. For the reasons stated herein, the Court dismisses without prejudice the habeas petition, denies the abeyance motion, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II. Procedural History

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims of error, including those raised on habeas review. The court denied relief on those claims and affirmed his convictions. *People v. Brown*, No. 337223 (Mich. Ct. App. Sept. 13, 2018). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Brown*, 503 Mich. 1020, 925 N.W.2d 867 (April 30, 2019). The Michigan Supreme Court also denied reconsideration. *People v. Brown*, 504 Mich. 950, 931 N.W.2d 359 (Sept. 29, 2019). Petitioner also filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *Brown v. Michigan*, _ U.S. _, 140 S. Ct. 840 (Jan. 13, 2020). The Supreme Court also denied rehearing. *Brown v. Michigan*, _ U.S. _, 140 S. Ct. 2558 (March 23, 2020).

Petitioner states that he filed a motion for relief from judgment with the state

trial court on July 15, 2020, which was denied on November 20, 2020. Pet., ECF No. 1, PageID.8. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, along with various additional motions, all of which were denied. *Id.*; *see also People v. Brown*, Nos. 355810, 356177 (Mich. Ct. App. April 28, 2021). Petitioner indicates that he intends to pursue additional review in the Michigan Supreme Court, *id.*, and seeks to hold the case in abeyance pending that review and decision. Abey Mot., ECF No. 3.

Petitioner appears to have submitted his federal habeas petition and abeyance motion to prison officials for mailing on May 14, 2021 (the date on the mailing envelope).

**III. Discussion**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions

that lack merit on their face).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry*

*v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, it appears that Petitioner exhausted his current habeas claims on direct appeal in the state courts, but he informs the Court that he has collateral review proceedings pending in the state courts concerning his convictions. Petitioner seeks to hold his habeas case in abeyance until those proceedings are concluded. Such action, however, is unwarranted.

First, it is inappropriate for Petitioner to challenge the same criminal convictions and sentences in state court and federal court at the same time. *See, e.g., Carter v. Balcarcel*, No. 3:18-CV-10618, 2018 WL 1586488, *2 (E.D. Mich. April 2, 2018) (dismissing habeas petition without prejudice where state prisoner had a motion for relief from judgment pending in state court); *Gilmore v. Burton*, No. 16-CV-14512, 2017 WL 2062222, *2 (E.D. Mich. May 15, 2017 (stating that "it is inappropriate for the petitioner to challenge the same criminal convictions and sentences in state court and federal court at the same time" and dismissing habeas petition without prejudice where state prisoner had additional claims pending in state court); *Robinson v. Gidley*, No. 2:15-CV-10572, 2015 WL 1120118, *2 (E.D. Mich. March 11, 2015) (citing cases and dismissing habeas petition without prejudice where

state prisoner had a pending state habeas action). Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).

Additionally, while Petitioner's pending state collateral review proceedings may or may not involve his current habeas claims, those proceedings may result in the reversal of his convictions on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing cases); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). A non-prejudicial dismissal of the habeas petition, rather than a stay and abeyance, is warranted under such circumstances.

Moreover, a stay and abeyance is unnecessary in this case. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before

proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Thus, stay and abeyance is generally reserved for those cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See Moss v. Hofbauer,* No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Petitioner fails to show the need for a stay and abeyance. His current habeas claims are exhausted and there is no indication that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period did not begin to run until the conclusion of direct appeal – when the United States Supreme Court denied rehearing on March 23, 2020.

The one-year period then ran until July 15, 2020 when Petitioner filed his state court motion for relief from judgment. At that point, less than four months of the one-year period had elapsed. Petitioner's collateral review proceedings have been pending in the state courts since that time. The limitations period is tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than eight months of the one-year period remains, Petitioner has sufficient time to complete the state court process and return to federal court. Stay and abeyance is unnecessary.

Because Petitioner has pending state collateral review proceedings which concern his current convictions and may affect his ability to obtain habeas relief, he should complete the state court process before proceeding in federal court. The interests of comity, efficiency, and justice are best served by a non-prejudicial dismissal of the habeas petition.

### IV. Conclusion

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** the motion to hold the case in abeyance.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

  s/Arthur J. Tarnow_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2021